The Honorable Jimmie Lou Fisher State Treasurer State Capitol Little Rock, AR 72201
Dear Ms. Fisher:
On January 10, 1990 you authorized a letter containing a request for an opinion on Initiated Act 1 of 1988, as amended by Act 719 of 1989 (A.C.A. 21-8-401, et seq.). Your request was as follows:
 "I would like an official opinion as to whether or not (a mink coat won as a door prize while attending The National Teacher Retirement Conference) should be claimed on Section 8 of the Statement of Financial Interests.
 If so, do I list The Conference as the source received (from) or do I list the company that donated the item for the door prize as the source?"
The statutes mentioned, "The Disclosure Act for Lobbyists and State and Local Officials," does [do] not specifically address prizes or awards based on chance or lot. However, the Act does dictate that "income" and "gifts" must be reported. The term "income" appears to anticipate a "value received" as compensation for services and does not appear to include -prizes. The term "gift," however, is defined as "anything of value, unless consideration of equal or greater value has been given therefore [therefor]." The Act, further, is specific as to exceptions or exemptions from the "gift" definition. Prizes are not among these exceptions or exemptions, specifically, or by definition.
I am, therefore, of the opinion that prizes received, unless they are specifically exempted per A.C.A. 21-8-401(e)(2), must be reported in "Section 8 — Gifts" of the Statement of Financial Interest. The "source" would be the person, persons or entity responsible for you being awarded the prize personally. Specifically, that would be the sponsor of the conference.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Jack R. Kearney.